UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES DEPARTMENT OF
EDUCATION, STUDENT FINANCIAL
ASSISTANCE COLLECTIONS NATIONAL
PAYMENT CENTER
P.O. BOX 105081
ATLANTA, GA 30348-5081,

        Plaintiff,

v.                                    Case No. 8:14-MC-60-T-30MAP

CAROLYN SCHLEMMER,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

In this miscellaneous action, Carolyn Schlemmer seeks to dissolve a writ of garnishment issued by the United States Department of Education, Student Financial Assistance Collections. At this juncture, Schlemmer has failed to timely respond to this Court's August 19 Order directing her to respond within fourteen (14) days. For the reasons set forth below, I recommend the district judge dismiss this action.

As my August 19 Order set forth, although this Court has no obvious connection to that administrative writ, Schlemmer nonetheless instigated this miscellaneous action by filing a *pro se* motion that asks the Court to dissolve that writ. *See* doc. 1 (Form SF-329B); doc. 2.[1] In sum, she asserts by affidavit that she meets "head of family" definition under Fla. Stat. §222.11 and is therefore exempt from the agency's collection effort under Florida law (Fla. Stat. § 77.041). *See* doc.

---

[1] The pleadings indicate that Schlemmer is a lawyer.

1. To satisfy the strict notice requirements of Florida's garnishment scheme (*see* Fla. Stat. §77.041), Schlemmer mailed a copy of her claim of exemption and affidavit to the Department of Education (captioned as the Plaintiff) on July 15, 2014, and included a certificate of service in her claim of exemption (doc. 1 at 6). Section 77.041 provides that the Department of Education or its attorney must file any objection to the claim of exemption within 14 business days of the date Schlemmer mailed the claim of exemption. She argued that because the Department of Education has failed to object and the time for doing so has expired, the Court should dissolve the administrative writ. But all this seems amiss.

As my Order noted, looking at Schlemmer's submissions, the underlying administrative garnishment effort appears grounded on the Higher Education Act (HEA), 20 U.S.C. §§ 1001 *et seq*, and the Debt Collection Improvement Act, 20 U.S.C. § 1095a(a). Under that scheme, a guaranty agency may garnish the disposable pay of a debtor to collect the amount owed if the debtor has failed to pay as required under the repayment agreement. *Id.* at § 1095a(a); *see generally Cliff v. Pasco General American Credits, Inc.*, 363 F.3d 1113, 1118 (11th Cir. 2004). The HEA, as *Cliff* remarks, "is riddled with isolated preemptive provisions that expressly preempt certain provisions of state law." *Id.* at 1124-1125. Similarly, when dealing with claims of the United States, 31 U.S.C. § 3720D provides that "notwithstanding any provision of State law, the head of an executive … agency that administers a program that gives rise to a delinquent nontax debt owed to the United States by an individual may in accordance with this section garnish the disposable pay of the individual to collect the amount owed, if the individual is not currently making required repayment in accordance with any agreement between the agency head and the individual." My Order indicated all this would seem to foreclose any dissolution of the writ.[2]

---

[2] The Order also set forth that if the HEA is the operative scheme, Schlemmer has at her disposable administrative remedies which she must exhaust. *See* 20 U.S.C. § 1095a(a)(5); 34

Accordingly, I directed Schlemmer to file a response with the Court indicating (a) whether she has served the Department of Education with process in this case in accordance with Fed. R. Civ. P. 4(i); (b) whether and how she has exhausted her administrative remedies; and (c) whether federal law (specifically 31 U.S.C. § 3720D and 31 C.F.R. § 285.11) supersedes Florida law (specifically Fla. Stat. § 222.11) in this instance.  The Order clearly set forth that Schlemmer's failure to respond within 14 days will result in a report to the district judge recommending that the action be dismissed. For these reasons, it is hereby

RECOMMENDED:

1.  That this action be dismissed.

IT IS SO REPORTED at Tampa, Florida on this 12th day of September, 2014.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).

---

C.F.R. § 682.410(b)(9); *see also Bennet v. Premiere Credit of North America*, 504 Fed. Appx. 872 *5 (11th Cir. 2013).  And to the extent Schlemmer may be attempting to bring a cause of action against an agency of the United States, she has failed to properly serve the United States. *See* Fed. R. Civ. P 4(i).

3